UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WADE A. WILLARD, SR.                                                                              PLAINTIFF

VERSUS                                                        CIVIL ACTION NO. 1:21-CV-223-TBM-RPM

UNKNOWN BENTLEY et al                                                                          DEFENDANTS

**REPORT AND RECOMMENDATIONS**

Plaintiff Wade A. Willard, Sr., proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging denial of medical care while he was housed at the Harrison County Adult Detention Center (HCADC). At the time he filed his complaint, Plaintiff was a pre-trial detainee. He has sued Dr. Bentley and Nurse Practitioner Teresa Raybourne alleging that they denied him medical care for problems related to his feeet and legs. As a result of poor circulation, Plaintiff contends he is in serious pain every day and is unable to walk or stand for extended periods of time. Plaintiff believes he has been the subject of reverse discrimination because every other inmate at HCADC receives proper medical attention. According to Plaintiff, Dr. Bentley is responsible for medical care at HCADC. He contends that Dr. Bentley has been negligent in performing his duties by failing to provide necessary care. Dr. Bentley has not examined Plaintiff to provide a diagnosis or prognosis. Regarding Defendant Raybourne, Plaintiff alleges she has been told about Plaintiff's condition, but she has failed to provide necessary care. Plaintiff indicates that he has spoken to all the nurses at HCADC about his condition, yet none has performed an examination.

On January 24, 2022, the undersigned conducted a screening hearing. At the hearing, Plaintiff testified that he has been having trouble with his feet and legs for two years. Doc. [33-1] at 3. His feet turned purple; it felt like he was walking on nails; and pain shot up his legs and

bottom of his feet. *Id.* at 4. Plaintiff also testified that Dr. Bentley examined his feet in June of 2021 and prescribed pentoxifylline to be taken in the morning and evening. *Id.* at 5, 9. Plaintiff stopped taking the medication because of perceived side effects. *Id.* at 10, 13. He could not breathe and was having panic attacks, which he attributed to the medication. *Id.* at 10. He also complained of heartburn from the medication, for which he was prescribed medication. *Id.* at 12, 15-18. Plaintiff admitted that he made no other complaints about his feet after June of 2021 because he did not think medical staff would do anything to help him. *Id.* at 14.

Plaintiff's medical records reflect that Dr. Bentley and other medical staff examined Plaintiff for chronic leg pain and possible blood clots in February and March 2021. Doc. [33-2] at 28-30, 32. In June 2021, medical staff diagnosed Plaintiff with intermittent claudication and prescribed pentoxifylline. *Id.* at 31. Plaintiff began taking the medication on June 9, 2021, approximately two months before he filed this lawsuit. *Id.* at 2-3, 61. The records further reflect that Plaintiff refused to take the prescribed morning dose. *Id.* at 61-75. On September 5, 2021, Plaintiff was educated regarding the use of pentoxifylline; and he agreed to start taking the morning dose. *Id.* at 28. However, within a few days he again refused to take the morning dose. Plaintiff took the evening dose until December 27, 2021, at which point he refused to take the medication all together. *Id.* at 60, 75. From June 6 through December 2021, the medical records do not reflect any complaints from Plaintiff about his feet or legs. *Id.* at 9-27, 34-57.

Defendants have filed a motion for summary judgment arguing that Plaintiff's testimony, his medical records, and the affidavit of Dr. Bentley demonstrate that Plaintiff received appropriate medical care for the period in question. Doc. [33]. Defendants contend that they were not deliberately indifferent to his medical condition. Rather, Plaintiff refused to take prescribed medication; and he merely disagrees with the type of treatment prescribed. In the

2

alternative, Defendants request that Plaintiff's complaint be dismissed based on his failure to exhaust administrative remedies. Plaintiff has not filed a response in opposition to Defendants' motion for summary judgment.

## Law and Analysis

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, all other contested issues of fact are rendered immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John v. State of Louisiana*, 757 F.3d 698, 708 (5th Cir. 1985). Once a properly supported motion

for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

To state a constitutional claim for denial of adequate medical care, a plaintiff must demonstrate that defendants were deliberately indifferent to plaintiff's serious medical needs, such that it constituted an unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prison official is not liable for the denial of medical treatment unless the official knows of and disregards an excessive risk to inmate health or safety. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). The Constitution guarantee prisoners "only adequate, not optimal medical care." *Spriggins v. LaRavia*, 2012 WL 1135845, at *4 (E.D. La. Apr. 4, 2012) (emphasis in original), citing *Gobert v. Caldwell*, 463 F.3d 339, 349 (5th Cir. 2006). An allegation of malpractice or mere negligence is insufficient to state a claim. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). Moreover, the fact that a prisoner disagrees with the type of medical treatment does not constitute a constitutional deprivation. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

As demonstrated above, Plaintiff's testimony and the relevant medical records reflect that Plaintiff was examined and treated for complaints of pain in his feet and legs. He was diagnosed with intermittent claudication and prescribed pentoxifylline. Plaintiff simply refused to take the medication as prescribed. As such, Plaintiff fails to demonstrate deliberate indifference to his medical condition; he merely disagrees with the type of medical treatment received. He believes that Defendants should have provided him with some other type of treatment, though he fails to specify precisely what alternative treatment should have been prescribed. Plaintiff's testimony and medical records demonstrate that there is no genuine issue of material fact as to whether Defendants were deliberately indifferent to his medical condition. To the contrary, Defendants

examined, diagnosed, and prescribed medication for his condition. *See Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) ("[m]edical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference."). Accordingly, the undersigned finds that Defendants' motion for summary judgment should be granted. To the extent Plaintiff has alleged a state law claim for medical malpractice, the undersigned recommends that the Court decline to exercise supplemental jurisdiction.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendants' [33] Motion for Summary Judgment be GRANTED, and that Plaintiff Wade A. Willard, Sr.'s 42 U.S.C. § 1983 civil rights complaint be dismissed with prejudice as to all claims and all defendants.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted

by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 25th day of October 2022.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE