IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WADE A. WILLARD, SR.**                                              **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 1:21-cv-223-TBM-RPM**

**UNKNOWN BENTLEY** *et al*                                **DEFENDANTS**

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on submission of the Report and Recommendation [36] entered by United States Magistrate Judge Robert P. Myers on October 25, 2022. After considering the record, the Plaintiff's testimony at the omnibus hearing, and the applicable law, Judge Myers recommends the Defendants' Motion for Summary Judgment [33] be granted and that Wade A. Willard Sr.'s 42 U.S.C. § 1983 civil rights complaint be dismissed with prejudice. To the extent that Willard has alleged a state law claim for medical malpractice, Judge Myers recommends that the Court decline to exercise supplemental jurisdiction. The Plaintiff has not filed an objection to the Report and Recommendation, and the time for filing an objection has expired.

"When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b) advisory committee's note to 1983 addition (citations omitted); s*ee Casas v. Aduddell*, 404 F. App'x 879, 881 (5th Cir. 2010) (affirming district court's dismissal of Section 1983 claims and stating that "[w]hen a party fails timely to file written objections to the magistrate judge's proposed findings, conclusions, and recommendation, that party is barred from attacking on appeal the unobjected-to proposed findings and conclusions which the district court accepted, except for plain error") (citing *Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1)); *Douglass*, 79 F.3d at 1430 (affirming district court's grant of

summary judgment). Having considered Judge Myers' Report and Recommendation, the Court finds neither is clearly erroneous nor contrary to law.

IT IS THEREFORE ORDERED AND ADJUDGED that the Report and Recommendation [36] entered by United States Magistrate Judge Robert P. Myers on October 25, 2022, is ADOPTED as the opinion of the Court.

IT IS FURTHER ORDERED AND ADJUDGED that Willard's 42 U.S.C. § 1983 claims are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED AND ADJUDGED that to the extent that Willard has alleged a state law claim for medical malpractice, the Court declines to exercise supplemental jurisdiction. *Brookshire Bros. Holding, Inc. v. Dayco Prod. Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) ("[T]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial[.]"); *Heggemeier v. Caldwell County, Tex.*, 826 F.3d 861, 872 (5th Cir. 2016) ("Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if it 'has dismissed all claims over which it has original jurisdiction.'"). Accordingly, Willard's state law medical malpractice claim is DISMISSED WITHOUT PREJUDICE.

THIS, the 18th day of November, 2022.

                                                           TAYLOR B. McNEEL
                                                           UNITED STATES DISTRICT JUDGE